UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TAMICKA GRAHAM,**

    **Plaintiff,**

**v.**                                                                               Case No. 8:11-cv-2414-T-35TBM

**PROFESSIONAL ADJUSTMENT
CORPORATION,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court following issuance of the Court's Order to Show Cause (Doc. 5) to which the Plaintiff has failed to respond. By the court's Order, the Plaintiff, Tamicka Graham, was ordered to show cause why her case should not be dismissed for want of prosecution. In a prior court Order granting Plaintiff *in forma pauperis* status (Doc. 4), Plaintiff was directed to complete and return within twenty days the forms for service of process on Defendant. Plaintiff failed to do so. Thereafter, the court entered the Order to Show Cause (Doc. 5) dated December 7, 2011, again ordering Plaintiff to return the appropriate forms for service of process within twenty days or otherwise show cause why her case should not be dismissed for lack of prosecution. The Clerk mailed blank forms to the Plaintiff, (*see* docket entry dated December 8, 2011), and to date, Plaintiff has failed to return same to the Clerk's office or otherwise file anything to move her case forward. Accordingly, as discussed below, I recommend Plaintiff's case be dismissed for lack of prosecution.

Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Jones*, 709 F.2d at 1458 (quoting *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)). Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (the inherent authority of a federal trial court to dismiss a plaintiff's action with prejudice for failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. *See* M.D. Fla. R. 3.10.

Here, Plaintiff has evidenced a complete lack of interest in participating in the prosecution of her claim. She has ignored two orders of this court directing her to submit the appropriate forms in order for the United States Marshal or a duly appointed Deputy Marshal to effect service on the Defendant. From all that appears, Plaintiff has made no effort to otherwise effect service on the Defendant or move her case forward. Plaintiff has failed to make any showing of good cause to justify her failure to prosecute her claim. Further, the court can have no confidence that another order of the court directing the Plaintiff's participation will necessarily result in the advancement of this cause. Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure to prosecute. To

recommend otherwise would unnecessarily waste court resources, extend the undue delay, and inappropriately approve of Plaintiff's conduct.

Accordingly, I recommend that Plaintiff's case be dismissed and the case closed.

Respectfully submitted on this
5th day of January 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
Honorable Mary S. Scriven, United States District Judge
Pro se Plaintiff
Counsel of Record